IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| RUBY PAL § | |
| § | |
| VS. § | CIVIL ACTION NO. G-10-406 |
| § | |
| TEXAS FARMERS INSURANCE § | |
| COMPANY § | |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendant, Texas Farmers Insurance Company (Farmers); the Motion seeks the dismissal of the Complaint of Plaintiff, Ruby Pal. The Motion is ripe and the Court now issues this Opinion and Order.

Pal's property was damaged by flooding during Hurricane Ike in September 2008. At the time, Pal had insured the property for $110,000.00 against flood loss with Farmers, a WYO insurer with the National Flood Insurance Program. Pal's initial claim was adjusted and paid, on December 29, 2008, in the amount of $53,610.45. The extended deadline for filing a Proof of Loss (POL) for Hurricane Ike claims expired on August 7, 2009. Seven months later, on March 11, 2010, Pal filed her second Proof of Loss seeking policy limits. Farmers negotiated Pal's claim and by April 7, 2010, determined she was due an additional $7,644.68. The Parties requested a waiver of a timely POL for that amount which was approved by FEMA on April 13, 2010. On October 1, 2010, Pal sued

Farmers seeking additional proceeds under her policy. The Parties continued to negotiate her claim, but reached impasse around May 30, 2014. As a result, Farmers filed its summary judgment motion.

The outcome is simple. Pal's Proof of Loss was untimely and she is procedurally barred from recovery under the federal program. <u>Marseilles Homeowners's Condominium Association v. Fidelity National Insurance Co.</u>, 542 F.3d 1053, 1056 (5th Cir. 2008). Pal argues that FEMA's April 13, 2010, waiver was a complete relinquishment of its POL procedural defense, but she is mistaken. FEMA, in conformity with its practice, limited its waiver to the supplemental sum of $7,644.68 and reserved all other rights it could assert under the policy. Pal does not seem to argue that Farmers's continued negotiations after her complaint was filed constitutes a constructive waiver, but that argument, too, would fail. <u>Sanz v. U.S. Security Insurance Co.</u>, 325 F.3d 1314, 1319 (11th Cir. 2003) (<u>citing</u>, <u>Gowland v. Aetna</u>, 143 F.3d 951, 954 (5th Cir. 1998).

For the foregoing reasons it is **ORDERED** that the Motion for Summary Judgment (Instrument no. 38) of Defendant, Texas Farmers Insurance Company, is **GRANTED** and that the Complaint of Plaintiff, Ruby Pal, is **DISMISSED with prejudice**.

**DONE** at Galveston, Texas, this _____10th_____ day of June, 2015.

_____
John R. Froeschner
United States Magistrate Judge